IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JEFFERY T. COOK,**

**Plaintiff,**

v.                                                              Case No. 3:15-cv-02172

**MILDRED MITCHELL BATEMAN HOSPITAL,**

**Defendant.**

### MEMORANDUM OPINION, ORDER and NOTICE

Pending before the Court are Plaintiff's Motion for a Hearing, (ECF No. 2), Plaintiff's Motion for the Appointment of Counsel, (ECF No. 6), and Plaintiff's Application to Proceed *In Forma Pauperis.* (ECF No. 8). On February 23, 2015, Plaintiff filed a document, which the Clerk interpreted as a complaint under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff did not submit the filing fee or an Application to Proceed Without Prepayment of Fees and Costs; therefore, the Clerk sent Plaintiff a packet of forms and directions to assist him in instituting his action. (ECF No. 4). Subsequently, Plaintiff filed the request for counsel and a response to the Clerk's letter, to which he attached the Application to Proceed *In Forma Pauperis.* By Standing Order, this matter is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(B)(1)(B).

Having considered Plaintiff's motion for a hearing, (ECF No. 2), the Court **DENIES** the motion, because Plaintiff has not identified any issue upon which a

1

hearing can be held. As explained in more detail below, Plaintiff has not yet filed a decipherable complaint, no summons has issued, and Defendant has not been served. Accordingly, a hearing would be pointless.

Next addressing Plaintiff's motion for the appointment of counsel, the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, authorizes United States District Courts to appoint counsel to represent financially eligible individuals in actions brought pursuant to 28 U.S.C. § 2254, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This standard is similar to the one applied in determining whether to appoint counsel in civil actions governed by 28 U.S.C. § 1915(e)(1), which states that the appointment of counsel rests within the discretion of the court. Plaintiff has no constitutional right to counsel in this case. Whether counsel should be appointed depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)); *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994).

The first document filed by Plaintiff merely asks for a hearing and states "Intend to the Honorable '35A.'" (ECF Nos. 1, 2). The second document filed by Plaintiff alleges that the defendant hospital lost his mail, which included a card and $25.00, and he feels that Defendant "took advantage of" him. (ECF No. 6). In the most recent filing by Plaintiff, (ECF No. 7), he indicates that he was sent to South Carolina by the Defendant, even though he was not doing anything bad that justified his transfer. Plaintiff argues

that a state hospital should not be permitted to treat him in that manner, and he demands $250,000. (*Id.* at 2). Clearly, to date, Plaintiff has failed to state any claim for relief that passes muster under Federal Rule of Civil Procedure 8. Rule 8 requires that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Until a comprehensible claim is stated, the Court is unable to determine whether the case merits the appointment of counsel. In other words, an adequate complaint must be filed first; then, the Court can evaluate the need for appointed counsel.

Regarding Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, Plaintiff states in the application that he is incarcerated. However, the residence address provided by Plaintiff is the address for Crafts-Farrow State Hospital, South Carolina Department of Mental Health. In order for the Court to determine which provisions of 28 U.S.C. § 1915 or § 1915A apply, Plaintiff must clarify if he is indeed a prisoner (i.e. has been convicted of, sentenced for, or is accused of a violation of criminal law or a term or condition of parole, pretrial release, probation, or a diversionary program) of the State of South Carolina, or of some other state, and not just a behavioral health patient that has been committed by a court for inpatient care and treatment.

Accordingly, it is hereby **ORDERED** that if Plaintiff wishes to go forward with his claim against Mildred Mitchell Bateman Hospital, he must file an amended complaint which contains a short and plain statement of the grounds for this Court's jurisdiction, a short and plain statement of his claim showing that he is entitled to relief, and a statement of the nature of the relief he seeks. Plaintiff shall file his amended complaint within **forty-five (45) days.** Plaintiff shall also confirm or deny that he is a

prisoner (i.e. has been convicted of, sentenced for, or is accused of a violation of criminal law or a term or condition of parole, pretrial release, probation, or a diversionary program) and, if he is a prisoner, he shall specify which state has primary custody.

**Plaintiff is hereby given notice that failure to supplement his filings as ordered will result in a recommendation that this action be dismissed.**

The Clerk is instructed to provide a copy of this Order to Plaintiff.

**ENTERED:** March 17, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge