**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JEFFERY T. COOK**,

     **Plaintiff,**

**v.**                                        **Case No. 3:15-cv-02172**

**MILDRED MITCHELL BATEMAN**
**HOSPITAL, et al.,**

     **Defendants.**

**MEMORANDUM OPINION and ORDER**

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 8), Plaintiff's Motions for the Appointment of Counsel, (ECF Nos. 6, 13, 15, 16, 18), and his Motions for a Hearing, (ECF Nos. 19, 20). On February 23, 2015, Plaintiff filed a document, which the Clerk interpreted as a complaint under 42 U.S.C. § 1983. (ECF No. 1). On March 17, 2015, the undersigned entered an Order advising Plaintiff that his filings did not state a decipherable claim, and instructing him to file an Amended Complaint to avoid a recommendation of dismissal. (ECF No. 10). Since entry of the Order, Plaintiff has submitted six additional documents setting forth his claims. (ECF Nos. 11, 12, 17, 21, 22, 23). In addition, he has filed the four above-mentioned motions asking for the appointment of counsel and two motions requesting a hearing. For the reasons that follow, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**; his motions for the appointment of counsel are **DENIED;** and

1

his motions for a hearing are likewise **DENIED**, as they are premature.

## I.    Relevant History

The undersigned provides the following history, obtained by piecing together statements made by Plaintiff in the instant action as well as in his other civil actions, which are pending in both this Court and in the United States District Court for the District of South Carolina.[1] In addition, the undersigned has reviewed documents obtained from Plaintiff's underlying criminal action pending in Boone County, West Virginia.[2]

In September 2011, Plaintiff Jeffery Cook ("Cook") was indicted by a Boone County Grand Jury on charges of Burglary and Grand Larceny.[3] On October 3, 2011, the Circuit Court of Boone County entered an Order that found Cook incompetent to stand trial and "not substantially likely to obtain competency." Under West Virginia law:

> If at any point in [a proceeding to determine competency to stand trial] the defendant is found not competent to stand trial and is found not substantially likely to attain competency, and if the defendant has been indicted or charged with a misdemeanor or felony in which the misdemeanor or felony does involve an act of violence against a person, then the court shall determine on the record the offense or offenses of which the person otherwise would have been convicted, and the maximum sentence he or she could have received. A defendant shall remain under the court's jurisdiction until the expiration of the maximum sentence unless the defendant attains competency to stand trial and the criminal charges reach resolution or the court dismisses the indictment or charge. The court shall order the defendant be committed to a mental health facility designated by

---

[1] In this Court, Plaintiff has filed a separate complaint against Mildred Mitchell-Bateman Hospital and others arising out of his transfer from that facility to Columbia Regional Care Center in Columbia, South Carolina (Case No.: 3:15-cv-10569). In the South Carolina District Court, Plaintiff has filed two actions. One action alleges neglect and abuse on the part of various South Carolina residents, including Columbia Regional Care Center (Case No.: 9:15-CV-2666-JMC-BM). In the second action, Plaintiff names only West Virginia defendants, including Mildred Mitchell-Bateman Hospital. (Case No.: 9:15-CV-3639-JMC-BM).

[2] Plaintiff's criminal proceeding pending in Boone County, West Virginia has Case No. 11-F-117.

[3] The undersigned takes judicial notice of pleadings and other documents filed in the above-referenced actions. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir.2009); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989).

2

the department that is the least restrictive environment to manage the defendant and that will allow for the protection of the public. Notice of the maximum sentence period with an end date shall be provided to the mental health facility. The court shall order a qualified forensic evaluator to conduct a dangerousness evaluation to include dangerousness risk factors to be completed within thirty days of admission to the mental health facility and a report rendered to the court within ten business days of the completion of the evaluation. The medical director of the mental health facility shall provide the court a written clinical summary report of the defendant's condition at least annually during the time of the court's jurisdiction. The court's jurisdiction shall continue an additional ten days beyond any expiration to allow civil commitment proceedings to be instituted by the prosecutor pursuant to article five of this chapter. The defendant shall then be immediately released from the facility unless civilly committed.

W. Va. Code Ann. § 27-6A-3(h). Cook underwent additional testing in 2012. On October 9, 2012, the Boone Circuit Court placed Cook in the custody of the West Virginia Department of Health and Human Services for commitment to a mental health facility. Cook was placed at Mildred Mitchell-Bateman Hospital, a state-operated psychiatric institution. On September 26, 2014, the Circuit Court entered an Order granting a request that Cook be transferred, when feasible, from Mildred Mitchell-Bateman Hospital ("MMBH") to Columbia Regional Care Center ("CRCC") in Columbia, South Carolina. According to the Order, Cook's transfer was required because "[e]quivalent facilities for the defendant are not available within the State of West Virginia; [i]nstitutional care in an out of State placement is in the best interest of the defendant and will not produce undue hardship."[4]  The Circuit Court clarified the Order on October 9, 2012, adding that the transfer was a "'Level 3' placement to allow community integration outings." The Circuit Court noted that its jurisdiction over Cook did not end until June 14, 2025.[5]

---

[4] *State v. Cook,* Case No. 11-F-117, entered September 26, 2012, by the Circuit Court of Boone County.

[5] *State v. Cook,* Case No. 11-F-117, entered October 9, 2012, by the Circuit Court of Boone County.

On or about February 21, 2015, Cook was collected by three correctional officers from South Carolina and taken from MMBH to CRCC. Two days later, Cook filed this lawsuit. After receiving the undersigned's directive to amend his complaint, Cook sent the Court a letter, (ECF No. 11), stating that he had filed a grievance at MMBH in April 2014 over mail that the facility allegedly lost. On April 6, 2015, a second letter was received from Cook, expounding on his complaints. (ECF No. 12). Cook stated that his rights were violated by MMBH's inability to treat his mental health needs. He added that his mail was lost on several occasions, including a card that was sent to him with money enclosed. On that same date, a separate document prepared by Cook was docketed, again describing the loss of his mail in April 2014. (ECF No. 13). A third document supplied by Cook was also docketed on April 6, 2015. (ECF No. 14). In this filing, Cook cryptically referred to a West Virginia statute regarding miscellaneous offenses involving patients at a state hospital, indicating that he had proof of "all of it," and asking for a lawyer to be appointed. (*Id.*).

On June 15, 2015, Cook supplied supplemental information in support of his complaint. (ECF No. 17). He stated that he "had about $6,000," and complained about the loss of his mail. For the first time, Cook alleged that while he was at MMBH, an employee of the facility tried to sexually molest him. (*Id.*). On that same day, Smith filed a typewritten statement indicating that during his transfer from West Virginia, his personal property—consisting of prescription glasses, Nike Shoes, and legal paperwork—were lost. (ECF No. 18). He also complained that he needed his teeth fixed, but CRCC would not perform the repairs until it received approval from West Virginia. (*Id.*).

On August 26, 2015, Cook filed a motion for a hearing and attached to it a "complaint." (ECF Nos. 20, 20-1). In this document, Cook added as defendants Mr. Craig

Richardson, CEO of MMBH; Ms. Patty Fran, Assistant CEO; Charlie, the certified mail clerk at MMBH, and Mr. Thomas Sullivan, the health care specialist at MMBH who was responsible for Cook's care and supervision. (ECF No. 20-1 at 3). Cook provided a detailed explanation of his claims. First, he alleged that a letter addressed to him and containing $25.00 was delivered to a third party who did not give it to Cook. Therefore, Cook lost $25.00. Second, Cook claimed that Mr. Sullivan had violated a host of regulations in his treatment of Cook. Most troubling, Cook alleged that Mr. Sullivan propositioned him, made inappropriate sexual remarks, and fondled and sexually abused him. According to Cook, Mr. Sullivan also threatened to retaliate against Cook for refusing the sexual advances. (*Id.* at 5-6). Cook asserted that his experiences at MMBH caused him to suffer setbacks in his mental health treatment, physical abuse, fear, embarrassment, and humiliation. Cook demanded five million dollars in monetary damages. (*Id.* at 7). On October 26 and 28, 2015, Cook reiterated his charges against Mr. Sullivan. (ECF Nos. 22, 23).

## II.   **Motions**

With respect to Cook's application to proceed *in forma pauperis*, the undersigned **GRANTS** the motion. (ECF No. 8). Cook is hereby permitted to proceed without prepayment of costs and fees or the necessity of giving security therefor. The undersigned further **GRANTS** Cook's motion to add Thomas Sullivan, health care supervisor at MMBH, as a defendant. The Clerk of the Court is instructed to amend the style of the case to add Mr. Sullivan.  The Clerk shall issue summonses directed to Mildred Mitchell-Bateman Hospital and Mr. Thomas Sullivan, and provide them to the U.S. Marshals Service along with ECF Nos. 1, 7, 11, 12, 17, 20, 20-1, 21, 22, 23. The U. S. Marshals Service shall serve the summonses and other documents on the named defendants pursuant to

Rule 4, Federal Rules of Civil Procedure. It is further **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs and fees taxed against the plaintiff and pay the balance to the plaintiff and his attorney, if any.

In regard to Cook's motions for the appointment of counsel, (ECF Nos. 6, 13, 15, 16, 18), the Court **DENIES** them, without prejudice. In this type of civil action, Cook has no constitutional right to counsel. Although 28 U.S.C. § 1915(e)(1) provides for the assignment of counsel in some cases, usually exceptional circumstances must exist to merit that assignment. Whether counsel should be assigned depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)); *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994). The appointment of counsel rests within the discretion of the court.

At this point in the proceedings, the need for counsel is not apparent. Cook has adequately explained the nature of his claims, and the need for an evidentiary hearing or trial is uncertain. Moreover, it is too early to evaluate the likelihood that Cook will succeed on the merits. Therefore, the appointment of counsel is not appropriate. Should the circumstances or complexion of the case change, the undersigned will re-evaluate the need to appoint counsel.

Similarly, the undersigned **DENIES** Cook's motions for a hearing, because the motions are premature. (ECF Nos. 19, 20). Once the defendants have been served and

have filed an answer to the complaint, the Court will conduct a status conference, if necessary.

**Cook is hereby reminded of his obligation under the Local Rules of this Court to notify the Clerk of Court if Cook has any change in his contact information.**

The Clerk is instructed to provide a copy of this Order to Plaintiff and the U. S. Marshals Service.

**ENTERED**:  November 2, 2015

Cheryl A. Eifert
United States Magistrate Judge