IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JEFFERY T. COOK**,

    Plaintiff,

v.                                       Case No. 3:15-cv-02172

**MILDRED MITCHELL-BATEMAN HOSPITAL, et al.,**

    Defendants.

## MEMORANDUM OPINION and ORDER

Currently pending before the Court is Plaintiff Jeffery T. Cook's ("Plaintiff") February 23, 2015 *pro se* complaint, which he has amended or supplemented on seven occasions.[1] (ECF Nos. 11, 12, 17, 21, 22, 23, & 33). For the reasons stated below, the undersigned **FINDS** that inquiry into Plaintiff's legal competency to maintain this action on his own behalf is necessary, and that additional information is required on the issue. Therefore, Defendant Mildred Mitchell-Bateman Hospital ("MMBH") is **ORDERED** to produce **to the undersigned** for *in camera* review the most recent written clinical summary reports, or other records, detailing Plaintiff's psychiatric condition, which are

---

[1] In this Court, Plaintiff has filed a separate complaint against Mildred Mitchell-Bateman Hospital and others arising out of his transfer from that facility to the Columbia Regional Care Center in Columbia, South Carolina (Case No. 3:15-cv-10569). Plaintiff filed two additional actions in the United States District Court for the District of South Carolina. One of those actions (Case No. 9:15-cv-3639-JMC) was recently transferred here and consolidated with this action. (ECF No. 36). The other action filed in the South Carolina District Court alleges neglect and abuse on the part of various South Carolina residents, including Columbia Regional Care Center (Case No. 9:15-CV-2666-JMC-BM).

1

in the custody or control of MMBH. The undersigned's reasoning and further instructions for production of the documents are set forth herein.

## I. Background

In September 2010, Plaintiff was indicted by a Boone County Grand Jury on one count of manufacturing a controlled substance. In September 2011, Plaintiff was indicted by a Boone County Grand Jury on charges of burglary and grand larceny.[2] On November 9, 2011, the Circuit Court of Boone County entered an order noting that Bobby Miller, M.D., had conducted a psychological evaluation of Plaintiff and issued a written report wherein Dr. Miller opined that Plaintiff was not competent to stand trial and was not substantially likely to attain competency. The Circuit Court adopted the findings of Dr. Miller's report and ordered that Plaintiff be committed to a mental health facility until the expiration of the maximum sentence for the charged offenses, or until Plaintiff attained competency to stand trial and the criminal charges were resolved. In addition, the Circuit Court ordered the medical director for the facility to which Plaintiff was committed to submit an annual written report of Plaintiff's condition to the Court. On March 13, 2012, the Circuit Court entered an order recognizing that representatives from the West Virginia Office of Behavioral Health ("OBH") had issued a report indicating Plaintiff was competent to stand trial. The Court adopted the findings of that report. In the same order, the Court found that Plaintiff was not guilty by reason of mental illness on the three pending criminal charges, pursuant to West Virginia Code § 27-6A-4. Consequently, the Circuit Court ordered that Plaintiff would remain under the Court's jurisdiction until the

---

[2] The undersigned has obtained documents from the Boone County Clerk's Office related to Plaintiff's criminal proceedings there, Case Nos. 10-F-97 and 11-F-117. The undersigned takes judicial notice of pleadings and other documents filed in that action. *See Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009); *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989).

expiration of the maximum sentence for the charged offenses or "until otherwise discharged by the court." The Court also ordered Plaintiff committed to the West Virginia OBH for placement in a state mental health facility and stated that Plaintiff would not be released from the custody of the OBH unless ordered by the court. The Court again instructed the medical director for the facility to which Plaintiff was committed to submit an annual written report regarding Plaintiff's condition.[3]

On October 9, 2012, the Circuit Court entered an order clarifying that the date on which the Court's jurisdiction over Plaintiff would cease was June 14, 2025. In a September 2014 order, the Circuit Court noted that Plaintiff was committed to Mildred Mitchell-Bateman Hospital ("MMBH"), a state-operated psychiatric institution, at that time. However, the Court ordered that Plaintiff be transferred from MMBH to Columbia Regional Care Center ("CRCC") in Columbia, South Carolina because "[e]quivalent facilities for the [Plaintiff were] not available within the State of West Virginia; [i]nstitutional care in an out of State placement [was] in the best interest of [Plaintiff] and [would] not produce undue hardship."

---

[3] Subsection (e) of West Virginia Code § 27-6A-4 provides:

> If the verdict in a criminal trial is a judgment of not guilty by reason of mental illness, the court shall determine on the record the offense or offenses of which the acquitee could have otherwise been convicted, and the maximum sentence he or she could have received. The acquitee shall remain under the court's jurisdiction until the expiration of the maximum sentence or until discharged by the court. The court shall commit the acquitee to a mental health facility designated by the department that is the least restrictive environment to manage the acquitee and that will allow for the protection of the public. Notice of the maximum sentence period with end date shall be provided to the mental health facility. The court shall order a qualified forensic evaluator to conduct a dangerousness evaluation to include dangerousness risk factors to be completed within thirty days of admission to the mental health facility and a report rendered to the court within ten business days of the completion of the evaluation. The medical director of the mental health facility shall provide the court a written clinical summary report of the defendant's condition at least annually during the time of the court's jurisdiction. The court's jurisdiction continues an additional ten days beyond any expiration to allow civil commitment proceedings to be instituted by the prosecutor pursuant to article five of this chapter. The defendant shall then be immediately released from the facility unless civilly committed.

3

On or about February 21, 2015, Plaintiff was escorted from MMBH to CRCC by three South Carolina correctional officers. Two days later, Plaintiff filed this lawsuit. Since that time, Plaintiff has filed numerous documents expounding on his claims against Defendants. For instance, Plaintiff claims that his mail was lost on several occasions at MMBH, including a card that was sent to him with money enclosed. (ECF No. 12). Plaintiff also alleges that while he was at MMBH, he was sexually abused by Defendant Thomas Sullivan, an employee at the facility.[4] (ECF No. 20-1 at 5-6). In addition, Plaintiff asserts that, during his transfer from West Virginia, his personal property—consisting of prescription glasses, Nike Shoes, and legal paperwork—was lost. (ECF No. 18). Furthermore, Plaintiff insists that he needs his teeth fixed, but CRCC will not perform the repairs until it receives approval from West Virginia. (*Id.*)

## II. **Plaintiff's Legal Competency**

Federal Rule of Civil Procedure 17(c) imposes a duty upon a court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Because Plaintiff was found not guilty by reason of mental illness in the Circuit Court of Boone County, and he remains in a mental health facility as a result of the state court's commitment order, the undersigned should consider whether Plaintiff is legally competent to pursue this action without the appointment of a guardian under Rule 17(c). *See Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986) ("Obviously if there has been a legal adjudication of incompetence and that is brought to the court's attention, [Rule 17(c)] is brought in play."); *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003) (stating that district court

---

[4] Plaintiff's allegation of sexual abuse was the focus of his September 10, 2015 complaint filed in the South Carolina District Court, which was transferred here, (S.D.W.Va. Case No. 3:15-cv-15914, Dkt. No. 1), and consolidated with the instant matter, (Case No. 3:15-cv-02172).

4

"likely" abuses discretion by failing to consider application of Rule 17(c) when "presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent."). In *Hudnall*, the Fourth Circuit Court of Appeals recognized that Rule 17(c) contemplates a "form of mental deficiency which—whether or not accompanied by other forms of personality disorder—affects the person's practical ability to manage his or her own affairs." 800 F.2d at 385 (markings omitted); *see also* W. Va. Code § 44A-1-4(13) (defining a "protected person" under the West Virginia Guardianship and Conservatorship Act as a person who lacks the capacity "[t]o meet the essential requirements for his or her health, care, safety, habilitation, or therapeutic needs without the assistance or protection of a guardian; or to manage property or financial affairs or to provide for his or her support or for the support of legal dependents without the assistance or protection of a conservator.").

    At present, the undersigned lacks sufficient information to determine whether Plaintiff requires the appointment of a guardian ad litem in this lawsuit. In November 2011, Plaintiff was found incompetent to stand trial.[5] In March 2012, the state circuit court determined that Plaintiff had attained sufficient competency to have a criminal judgment entered against him, but he still remains committed to a mental health facility pursuant to West Virginia Code § 27-6A-4(e). The undersigned observes that the medical director for MMBH was required by the state circuit court and West Virginia Code § 27-6A-4(e) to submit annual written reports regarding Plaintiff's condition. The most recent written report from MMBH's medical director and related documents are very likely to contain valuable information with respect to Plaintiff's competency to pursue this lawsuit

---

[5] Regardless of the state circuit court's finding, the undersigned must conduct an independent evaluation of Plaintiff's competency.

5

on his own behalf. Although the medical information contained in these written records is confidential and typically protected from disclosure, West Virginia Code § 27-3-1(b)(3) permits a court to order the production of confidential mental health records if the court finds "that the information is sufficiently relevant to a proceeding before the court to outweigh the importance of maintaining the confidentiality" of the information.[6] In this case, the undersigned **FINDS** that the information regarding Plaintiff's competency contained in MMBH's most recent written records is relevant to a Rule 17(c) determination in this proceeding and that the relevancy of the information outweighs the importance of maintaining its confidentiality. Moreover, the undersigned is *not* ordering that the documents be produced to any party in this litigation, that they be filed with the Clerk, or that they be publicly accessible, which largely protects the privacy of Plaintiff's medical information.

Accordingly, **within twenty (20) days of the entry of this Memorandum Opinion and Order**, Defendant Mildred Mitchell-Bateman Hospital is **ORDERED** to produce **to the undersigned** for ***in camera* review** the most recent written clinical summary reports, or other records, detailing Plaintiff's psychiatric condition, which are in the custody or control of MMBH. These documents should be mailed to the undersigned's chambers: Sidney L. Christie Federal Building, 845 Fifth Avenue, Room 109, Huntington, West Virginia 25701. The documents **shall not be filed with the Clerk nor made a part of the record in this action at this time**.

---

[6] This statute is consistent with 45 C.F.R. § 164.512(e)(1)(i) of the Health Insurance Portability and Accountability Act ("HIPAA"), which provides: "A covered entity may disclose protected health information in the course of any judicial or administrative proceeding … [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order."

.

The Clerk is instructed to provide a copy of this Memorandum Opinion and Order to Plaintiff, Defendants, and any counsel of record.

**ENTERED**: April 1, 2016

Cheryl A. Eifert
United States Magistrate Judge