**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JEFFERY T. COOK**,

      **Plaintiff,**

**v.**                                                                                   **Case No. 3:15-cv-02172**

**MILDRED MITCHELL-BATEMAN
HOSPITAL; MR. TOM SULLIVAN;
CRAIG RICHARDS; and
MS. PAT FRANZ,[1]**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On February 23, 2015, Plaintiff Jeffrey T. Cook ("Plaintiff") initiated this action by filing a *pro se* document requesting a "35A" hearing. (ECF No. 1). Beginning on April 6, 2015, Plaintiff filed a series of additional documents ultimately construed by the undersigned to be a complaint filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 12, 17, 19, 21, 22, 23). Currently pending before the Court are the Motions to Dismiss of Defendants Patricia Franz and Craig Richards under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. (ECF Nos. 63, 65). Plaintiff has filed a statement in response to the motions, requesting that said Defendants instead be voluntarily dismissed, without prejudice, consistent with the requirements of Fed. R. Civ. P. 41. (ECF No. 91). Defendants Franz and Richards refuse to accept a voluntary dismissal, without

---

[1] The style of the case has been amended to reflect the correctly spelled names of Defendants Richards and Franz.

prejudice, and insist on a dismissal with prejudice. Consequently, the motions are ready for resolution by the Court.

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having considered the motions and the current posture of the case, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Plaintiff's request for a voluntary dismissal, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) and **DENY** the Motions to Dismiss of Defendants Franz and Richards, to the extent that they seek a dismissal, with prejudice, under Fed. R. Civ. P. 12(b)(6).

## I.   <u>Relevant Facts</u>

On November 9, 2011, the Circuit Court of Boone County, West Virginia found Plaintiff not competent to stand trial on three criminal charges pending against him. (*See* ECF Nos. 37, 40). In March 2012, Plaintiff's condition had improved, and he was found competent to stand trial. The Boone County Circuit Court adjudged Plaintiff not guilty of the criminal charges by reason of mental illness and placed Plaintiff in the custody of the West Virginia Department of Health and Human Resources, Office of Behavioral Health. The Court noted in the judgment order that its jurisdiction over Plaintiff would continue until expiration of the maximum sentence of thirty years, or until otherwise discharged by the Court. In 2014, the Circuit Court ordered Plaintiff transferred from Mildred Mitchell-Bateman Hospital ("MMBH") in Huntington, West Virginia, to Columbia Regional Care Center ("CRCC") in Columbia, South Carolina, in order for Plaintiff to receive mental health services not available in West Virginia. The transfer was effected on or about February 21, 2015. (*Id.*).

On February 23, 2015, Plaintiff initiated this civil action. At first, the nature of Plaintiff's claims was difficult to ascertain; however, after several amendments and supplemental filings, Plaintiff's essential claims became clear. Plaintiff alleges that, during his commitment to MMBH, his civil rights were violated when: (1) MMBH lost mail addressed to Plaintiff that contained $25.00; and (2) a staff member at MMBH sexually harassed and assaulted him.

On April 20, 2016, after the defendants had been served with a summons and the amended complaint, the undersigned conducted an initial status conference during which Plaintiff's competency to proceed was examined under Fed. R. Civ. P. 17. (ECF Nos. 39, 40). Prior to the hearing, the undersigned obtained and reviewed medical information regarding Plaintiff's state of competency, both during his commitment at MMBH and also at CRCC. (ECF No. 37). Based upon the medical documentation and Plaintiff's responses at the initial status conference, the undersigned concluded that Plaintiff was competent to prosecute the instant action. Accordingly, the undersigned entered a scheduling order that governed discovery and the filing of dispositive motions. (ECF No. 40).

In May 2016, Plaintiff notified the Clerk of a change of address. Plaintiff advised that he had been transferred from CRCC to the William R. Sharpe, Jr., Hospital in Weston, West Virginia. (ECF Nos. 48, 49). By the Fall of 2016, the parties were experiencing significant difficulties in completing discovery; in part, due to Plaintiff's deficits in communication. On January 3, 2017, the undersigned appointed Kierston E. Rosen of Jenkins Fenstermaker PLLC to represent Plaintiff during the discovery and dispositive motion phases of the litigation. (ECF No. 84).

On January 23, 2017, the Court held a second status conference and a hearing on the pending motions to dismiss. Defendants Franz and Richards argued that the

complaint should be dismissed against them for failure to state a claim, and they moved for a dismissal with prejudice. At the Court's request, Ms. Rosen had met with Plaintiff prior to the hearing and prepared a statement of his claims against the named defendants. (ECF No. 91). In the statement, Plaintiff agreed that while he had failed—at least to date— to state factual allegations in support of his complaint against Defendants Franz and Richards, he wished to conduct additional discovery before agreeing to a dismissal with prejudice. As an alternative to involuntary dismissal under Rule 12(b)(6), Plaintiff requested a voluntary dismissal of Defendants Franz and Richards, without prejudice, pursuant to Rule 41(a)(2).

## II.  <u>Discussion</u>

The undersigned agrees that Defendants Franz and Richards should be dismissed given the lack of specific claims articulated against them. However, the question before the Court is whether that dismissal should be involuntary, with prejudice, for Plaintiff's failure to state a claim, or voluntary, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). In view of the current posture of the case, and as discussed below, the undersigned **FINDS** that Plaintiff's request for a voluntary dismissal, without prejudice, best serves the interests of justice.

Fed. R. Civ. P 41(a)(2) states as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff s request only by court order, on terms that the court considers proper ... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); *see, also, Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th

Cir.1986) ("A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant."). The "prospect of a second lawsuit," alone, does not constitute prejudice sufficient to deny a motion under Rule 41(a)(2). *Vosburgh v. Indemnity Ins. Co. of North America,* 217 F.R.D. 384, 386 (S.D. W. Va. Sep. 12, 2003). Rather, when considering a Rule 41(a)(2) motion, the court should consider a number of factors, including "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Id.* (citing *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.,* 28 F.Supp.2d 989, 991 (E.D. Va. 1998)).

Looking at the first factor, the parties have not yet incurred effort or expense in preparing for trial. Indeed, under the initial scheduling order, dispositive motions were not due to be filed until January 13, 2017, and that scheduling order has since been modified to allow additional discovery through June 23, 2017. (ECF Nos. 40, 93). With respect to the second factor, while the case has progressed slowly, the pace has been a function of unique circumstances rather than the result of "excessive delay" or "lack of diligence" on Plaintiff's part. In addition to being committed to behavioral health hospitals, both in and out of the state, Plaintiff suffers from difficulties with literacy. Plaintiff requested the appointment of counsel on several occasions, but counsel was not appointed until early 2017. Now that counsel is involved, the undersigned expects the pace of the case to increase substantially.

Third, Plaintiff has provided a reasonable explanation for requesting a dismissal, without prejudice. Although he concedes that his complaint lacks factual allegations pertinent to Defendants Franz and Richards, and he named Franz and Richards primarily

because of their administrative roles at MMBH, Plaintiff's counsel needs adequate time to determine through discovery if defendants share any liability for the alleged constitutional violations. Accordingly, Plaintiff is not yet in a position to entirely close the door on potential claims against the said defendants. Finally, concerning the fourth factor, litigation is still in the discovery phase, with no deadline for dispositive motions. Thus, Plaintiff should not be precluded from conducting further investigation into the defendants' roles in his conditions of confinement at MMBH. In light of the serious nature of at least one of Plaintiff's claims, and the fact that the unanticipated delay in resolving the case cannot be attributed to a lack of interest or diligence on Plaintiff's part, dismissal of Defendants Franz and Richards should be voluntary and without prejudice.

## III.   **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Plaintiff's request to dismiss Defendants Franz and Richards, without prejudice, be **GRANTED**, (ECF No. 91); the Motions to Dismiss of Franz and Richards be **DENIED**, (ECF Nos. 63, 65); Defendants Franz and Richards be **DISMISSED**, without prejudice, and removed from the style of the case; and the case shall remain pending against the other defendants until further order of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if receipt by mail) from the date of filing this "Proposed Findings and Recommendations" within which to

file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:** February 6, 2017

Cheryl A. Eifert
United States Magistrate Judge